UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Joyce Curran,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART INC. &<br>WALMART ASSOCIATES INC.<br><br>    Defendants. | Case No.: |

## COMPLAINT

NOW COMES the Plaintiff, Joyce Curran, by and through her attorneys, THE LAW OFFICES OF McCREADY, GARCIA & LEET, P.C., and in her complaint against the Defendants, Walmart Inc. & Walmart Associates Inc.:

## PARTIES

1.  Plaintiff, Joyce Curran ("Plaintiff") was at all times relevant to this Complaint a citizen of Chicago, Cook County, Illinois.

2.  Defendant Walmart Inc is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

3.  Defendant Walmart Associates Inc is a Delaware Corporation with its principal place of business in Bentonville, Arkansas.

## JURISDICTION & VENUE

1.  This action arises out of a slip and fall that occurred at Defendant's premises in Cook County, Illinois.

2.  Plaintiff sustained injury and has been recommended for right wrist surgery, a lumbar fusion, and a spinal cord stimulator for pain. Present medical bills are still pending but so far they exceed $40,000.00.

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Jurisdiction of this Court is provided by 28 U.S.C. Section 1332 due to the diversity of citizenship of the Plaintiff and Defendants and the amount in controversy exceeding $75,000.00.

5. Venue is proper in this judicial district under 28 U.S.C. Section 1391(a) because Plaintiff resides in the District, Defendants conduct business in the District, and all events giving rise to Plaintiff's claims occurred within this District.

## **COUNT I-Curran vs. Walmart Inc-Negligence**

1. On or about November 18, 2019, Plaintiff was lawfully on the premises of Defendant Walmart Inc's property located at 17625 Torrence Ave, in Lansing, IL.

2. At all times relevant to this Complaint., Defendant Walmart Inc owned/maintained/ and/or operated the above property.

3. Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

4. At all times pertinent, it was the duty of the Defendant Walmart Inc to maintain its premise in a reasonably safe condition.

5. Defendant breached this duty and was negligent in one or more of the following ways:

a. Allowed the floor in the walkway to remain in an unsafe condition when they knew or should have know that waxy liquid was present which created a hazardous condition for all individuals lawfully in the area;

b. Failed to maintain premise in a reasonably safe condition;

c. Failed to adequately inspect the premises to ensure that it was safe for the

Plaintiff;

d. Failed to remove the waxy liquid from the floor to provide a safe place for business invites;

e. Failed to barricade the slippery substance to prevent Plaintiff from walking through it;

f. Failed to instruct employees/agents to properly removed liquid from the floor of the above premises;

g. Was otherwise careless and/or negligent.

6. As a result of the negligence of Defendant, Plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Joyce Curran, prays for damages in an amount of $750,000, as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

## COUNT II-Curran vs. Walmart Associates Inc-Negligence

1. On or about November 18, 2019, Plaintiff was lawfully on the premises of Defendant Walmart Associate Inc's property located at 17625 Torrence Ave, in Lansing, IL as a business invitee.

2. At all times relevant to this Complaint., Defendant Walmart Associates Inc owned/maintained/ and/or operated the above property.

3. Plaintiff was exercising reasonable care for her safety and was free from contributory negligence.

4. At all times pertinent, it was the duty of the Defendant Walmart Associates Inc to maintain its premise in a reasonably safe condition.

5. Defendant breached this duty and was negligent in one or more of the following ways:

a. Allowed the floor in the walkway to remain in an unsafe condition when they

knew or should have know that waxy liquid was present which created a hazardous condition for all individuals lawfully in the area;

b. Failed to maintain premise in a reasonably safe condition;

c. Failed to adequately inspect the premises to ensure that it was safe for the Plaintiff;

d. Failed to remove the waxy liquid from the floor to provide a safe place for business invites;

e. Failed to barricade the slippery substance to prevent Plaintiff from walking through it;

f. Failed to instruct employees/agents to properly removed liquid from the floor of the above premises;

g. Was otherwise careless and/or negligent.

6. As a result of the negligence of Defendant, Plaintiff suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, Joyce Curran, prays for damages in an amount of $750,000, as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

                                              Joyce Curran

By: *Michael P. McCready*
                                              Michael P. McCready
                                              *Counsel for Plaintiff*

McCready, Garcia & Leet, P.C.
111 W. Washington Street, Ste. 1760
Chicago, IL 60602
t: (773) 779-9885
f: (773) 373-2375
Service@McCreadyLaw.com